W. EUGENE DAVIS, Circuit Judge,
dissenting:
I do not find sufficient evidence from the trial record to raise an inference that Motley’s criminal conduct in this case is “attributable to” his child abuse as required to establish a Penry claim. I would therefore affirm the denial of habeas relief to Motley.
The majority accurately describes the record evidence of abuse visited on Motley during his childhood. The record, however, is absolutely silent on the effect this abuse had on Motley.
To raise an inference that Motley’s crime is attributable to his child abuse, I would not necessarily require a psychiatrist to examine the defendant and give an opinion connecting the crime to the child abuse. But if such testimony is not produced, I would at least require the defendant to establish through lay testimony the personality traits of the defendant or examples of the defendant’s conduct that could be rationally related to his child abuse. But no one testified for example in this case that Motley was a bully, had difficulty controlling his emotions or conduct, was quick tempered or any similar attributes.
The testimony of Dr. Fason, the psychiatrist who testified briefly in the sentencing phase of the trial is not helpful in connecting Motley’s child abuse to this murder. Dr. Fason never met or examined Motley and knew nothing about Motley. His testimony reveals no knowledge (even secondhand knowledge) of Motley’s personality traits or conduct. Dr. Fason simply testified abstractly about common effects of child abuse on some individuals’ behavior. In my judgment such abstract testimony, totally unrelated to Motley as an individual, is inadequate to raise a jury inference that Motley’s crime is attributable to his child abuse.
Also, I find nothing inherent about the facts of this crime that suggest that it was related to Motley’s earlier child abuse. Motley took a sawed off shotgun to a shopping-mall intending to rob someone. According to his confession, Maria Duran was the first person who came along. He abducted her and forced her to withdraw money from her bank account. Motley’s decision to abduct and rob a small woman rather than a large man is hardly unusual conduct that a rational juror could relate to his earlier abuse. The evidence did not reveal and the state did not argue that Motley physically abused Ms. Duran before he shot her. The only definitive evidence relative to the murder itself is that Motley shot Ms. Duran in the back with the shotgun from a distance of about thirty-five feet.
For these reasons, I conclude that the evidence is insufficient to allow a rational juror to attribute this.murder to Motley’s earlier child abuse. Accordingly, I would reject the Penry claim.